IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JOHN HOUTSMA,**
 Petitioner,
v.            **Case No. 4:19cv131-RH/CAS**

**STATE OF FLORIDA,**
 Respondent.


**JOHN GLENN HOUTSMA,**
 Petitioner,
v.            **Case No. 4:19cv132-RH/CAS**

**FCCC, et al.,**
 Respondents.


**JOHN HOUTSMA**
 Petitioner,
v.            **Case No. 4:19cv133-RH/CAS**

**SHEW, et al.,**
 Respondents.
_____/

## REPORT AND RECOMMENDATION

This Report and Recommendation involves three habeas corpus cases submitted by Petitioner John Houtsma: 4:19cv131-RH/CAS, 4:19cv132-RH/CAS, and 4:19cv133-RH/CAS. Houtsma has also filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983, assigned case number 4:19cv130-RH/CAS, opened on March 19, 2019, in which he

indicates he is a civilly committed detainee as well as a convicted and sentenced state prisoner. See ECF No. 1 in <u>Houtsma v. Donald Sawyer, et al.</u>, No. 4:19cv130-RH/CAS. In that case, he states he was sexually assaulted by Jody Clovin or Colvin in his room at the Florida Civil Commitment Center, in Arcadia, Florida. *Id*. at 1, 4-6; *id*. at 1-1.

In the first habeas case, on or about February 3, 2019, Houtsma submitted for mailing to this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF No. 1 in <u>Houtsma v. State of Florida</u>, No. 4:19cv131-RH/CAS. On March 19, 2019, the Clerk's Office opened the new case and it was ultimately assigned the case number 4:19cv131-RH/CAS. *See id*.; *see also id*. ECF No. 3. In this petition, Houtsma challenges a judgment and sentence imposed July 23, 1996, by the Eighth Judicial Circuit, Levy County, in case number 38-2000-MH-000001, following his entry of a guilty plea. *Id*. ECF No. 1 at 1.

In the second habeas case, on or about February 20, 2019, Houtsma submitted for mailing to this Court another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF No. 2 in <u>Houtsma v. FCCC, et al.</u>, No. 4:19cv133-RH/CAS. On March 19, 2019, the Clerk's Office opened the new case and it was ultimately assigned the case number 4:19cv132-

RH/CAS.  *See id*.; *see also id*. ECF No. 1.  In this petition, Houtsma challenges the same judgment and sentence, imposed July 23, 1996, by the Eighth Judicial Circuit, Levy County, in case number 38-2000-MH-000001, following his entry of a guilty plea.  *Id*. ECF No. 2 at 1.

In the third habeas case, on March 19, 2019, the Clerk's office opened another new case, ultimately assigned number 4:19cv133-RH/CAS, based on a petition for habeas corpus pursuant to 28 U.S.C. § 2241, submitted by Houtsma and mailed March 6, 2019.  *See* ECF No. 1 in Houtsma v. Shew, et al., No. 4:19cv133-RH/CAS.  In this petition, Houtsma indicates he is being held by state authorities/FCCC and is serving a sentence imposed on July 23, 1996, by the Eighth Judicial Circuit, Levy County, in case number 38-2000-MH-000001.  *See id*. at 1. He indicates he is challenging "[h]ow [his] sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)" as well as "[t]he validity of [his] conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)."  *Id*. at 2.  He also references mistreatment, violent attacks, and a sexual assault that have occurred.  *Id*.  As relief, he seeks release

from "the Center."   Id. at 8.

Based on the foregoing, to the extent Houtsma seeks habeas corpus relief from his 1996 state court conviction and sentence, this Court lacks jurisdiction to grant such relief because, from information available on the website for the Florida Department of Corrections (DOC), Houtsma has completed the service of his sentence and DOC released him from custody on May 20, 2000.   See www.dc.state.fl.us.   Thus, when Houtsma filed these petitions, he was no longer "in custody" pursuant to the conviction he seeks to challenge.   Because he is no longer "in custody," his conviction is no longer subject to habeas corpus attack and this Court does not have jurisdiction over his § 2254 habeas petitions.   See, e.g., Marsh v. Butterworth, No. 07-23197-CIV, 2008 WL 2782757 (S.D. Fla. July 16, 2008) (Order of Dismissal adopting Report and Recommendation, dismissing § 2254 petition, and finding Marsh no longer "in custody" because he had served his prison sentence for conviction he challenged; rather, he was currently detained at Florida Civil Commitment Center pursuant to Jimmy Ryce Act).

Regarding his § 2241 petition, as reflected by the contact information he provided, Houtsma is currently detained in the Florida Civil Commitment

Center.   Although Houtsma does not specifically indicate in his filings whether he is detained pursuant to the Jimmy Ryce Act, a state court appellate case reflects the Levy County Circuit Court civilly committed him as a sexually violent predator under the Jimmy Ryce Act, following a non-jury trial.   Houtsma v. State, 828 So. 2d 1035 (Fla. 1st DCA 2002).   The First DCA affirmed the case on September 13, 2002.  *Id*.

To the extent Houtsma challenges his continued civil commitment pursuant to the Jimmy Rice Act, he may be able to proceed with his § 2241 petition.   *See, e.g.*, Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003); Lloren v. Fla. Dep't of Children & Family Servs., No. 2:09cv767-FtM-99SPC, 2012 WL 6089477 (M.D. Fla. Dec. 7, 2012) (Opinion and Order denying habeas petition challenging continued civil commitment under Jimmy Ryce Act).   This Court does not have jurisdiction over the § 2241 petition, however, because the Florida Civil Commitment Center, where Houtsma is detained, is located in Arcadia, DeSoto County, which is in the Middle District of Florida.   *See* 28 U.S.C. § 89(b).   Jurisdiction for a § 2241 petition lies only in the district of confinement, in this case the Middle District of Florida, Fort Myers Division.   *See* Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); Garcia v. Warden, 470 F. App'x 735 (11th Cir. 2012).

*See also* M.D. Fla. R. 1.02(b)5).

Accordingly, it is respectfully **RECOMMENDED** that the two cases filed pursuant to § 2254, 4:19cv131-RH/CAS and 4:19cv132-RH/CAS, be **DISMISSED**, and the case filed pursuant to § 2241, 4:19cv133-RH/CAS, along with any pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Fort Myers Division, for all further proceedings. This Report and Recommendation shall be docketed in all three cases.

**IN CHAMBERS** at Tallahassee, Florida, on March 25, 2019.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case Nos. 4:19cv131-RH/CAS, 4:19cv132-RH/CAS, 4:19cv133-RH/CAS